IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**04-20847**

| | |
|---|---|
| KINGVISION PAY-PER-VIEW CORP., LTD., a Delaware Corporation, | Civil Action No. _____ |
| Plaintiff, | **CIV-HOEVELER** |
| v. | |
| THE NAKED TRUTH, II, INC. an administratively dissolved Florida Corporation, d/b/a ANGEL'S ADULT ENTERTAINMENT; and MICHAEL BILOTTI, Individually, d/b/a ANGEL'S ADULT ENTERTAINMENT, | **KLEIN** |
| Defendants. | FILED BY _____ D.C. |
| <u>SERVE ON</u>: <u>THE NAKED TRUTH II, INC.</u>, an administratively dissolved Florida Corporation, d/b/a ANGEL'S ADULT ENTERTAINMENT Attn: Leonard E. Zedeck, Registered Agent 14807 W. Dixie Highway North Miami Beach, FL 33160 | 04 APR -9 PM 4:26 CLARENCE MADDOX CLERK U.S. DIST. CT. S.D. OF FL - MIAMI |
| <u>MICHAEL BILLOTI, Individually, d/b/a</u> <u>ANGEL'S ADULT ENTERTAINMENT</u> 14813 W. Dixie Highway North Miami, FL 33181 | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff, KINGVISION PAY-PER-VIEW CORP., LTD., by and through its undersigned attorneys, MICHAEL L. METZNER, P.A., sues the Defendant, THE NAKED TRUTH, II, INC. an administratively dissolved Florida Corporation, d/b/a ANGEL'S ADULT ENTERTAINMENT; and MICHAEL BILOTTI, Individually, d/b/a ANGEL'S ADULT ENTERTAINMENT, and for cause says:

APR 1 3 2004

Rec'd in MIA Dkt _____

1/6

Dockets.Justia.com

## Jurisdiction

1. This action arises under Section 705 of the Communications Act of 1934, as amended, 47 U.S.C. §605.

2. Jurisdiction in this Court is proper under 28 U.S.C. §1331.

3. Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

## Parties

4. The Plaintiff, KINGVISION PAY-PER-VIEW CORP., LTD. ("KINGVISION") is a corporation organized and existing under the laws of the State of DELAWARE, with its principal office and place of business located in DEERFIELD BEACH, FLORIDA.

5. The Defendant, THE NAKED TRUTH II, INC., is an administratively dissolved Florida corporation authorized and transacting business as ANGEL'S ADULT ENTERTAINMENT ("ANGEL'S") from its principal place of business located at 14813 W. DIXIE HIGHWAY, NORTH MIAMI, FL 33181.

6. Defendant, MICHAEL BILOTTI ("BILOTTI"), is, upon information and belief, an individual who assisted with the unauthorized exhibition and use of the telecast, which is the subject matter of the instant Complaint (ANGEL'S and BILOTTI are collectively referred to herein as the "Defendants").

## Preliminary Background

7. KINGVISION entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the MARCH 1, 2003 Championship boxing match between ROY JONES, JR. and JOHN RUIZ from the THOMAS & MACK CENTER in LAS VEGAS, NEVADA,

including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout FLORIDA (the "License Agreement"). KINGVISION paid substantial fees for its license.

8. KINGVISION entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout FLORIDA.

9. The closed-circuit broadcast of the Event was not intended for the use of the general public. In FLORIDA, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by KINGVISION.

10  Pursuant to the License Agreement, KINGVISION marketed and distributed the closed-circuit rights granted to it. KINGVISION, through its agents, contracted with various establishments throughout FLORIDA and granted to such establishments the right to broadcast the Event in exchange for a fee.

11. The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12. The transmission of the Event was available to the Defendants to purchase for broadcast in ANGEL'S. Had they done so, they would have been authorized to receive, transmit and publish the Event in ANGEL'S. Defendants did not, however, contract with KINGVISION or any of its agents, to obtain the rights to broadcast the Event.

13. The establishments which contracted with KINGVISION to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

14. On MARCH 1, 2003, in violation of KINGVISION's rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within ANGEL'S.

15. The Defendants misappropriated KINGVISION's licensed exhibition of the Event and infringed upon KINGVISION's exclusive rights while avoiding proper payment to KINGVISION. Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

16. The Defendants enabled the patrons within ANGEL'S to view the Event to which neither the Defendants nor the patrons were entitled to do.

17. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by KINGVISION.

18. The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

## **COUNT I**

## **VIOLATION OF 47 U.S.C. § 605**

19. The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 18 of the Complaint.

20. The Communications Act of 1934, as amended, 47 U.S.C. § 605 ("Section 605"), provides in relevant part:

> . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. . . .

47 U.S.C. § 605(a).

21. The Defendants' wrongful actions in connection with the Event, as described above, were in violation of Section 605.

22. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication . . ." may bring a private cause of action against one who acts in violation of Section 605.

23. By virtue of the License Agreement, KINGVISION maintained proprietary rights in the intercepted communication of the Event. Therefore, KINGVISION is an aggrieved person and is entitled to recover damages from the Defendants for their violations of Section 605 and their

interference with KINGVISION's proprietary rights.

24. As a result of the Defendants' wrongful acts, KINGVISION is entitled to the statutory damages provided for in Section 605.

25. Because of Defendants' wrongful actions, KINGVISION is entitled to judgment against the Defendants for (a) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to § 605(e)(3)(C)(i)(II); (b) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to § 605(e)(3)(C)(ii); and (c) full costs, including reasonable attorney's fees, pursuant to § 605(e)(3)(B)(iii).

WHEREFORE, the Plaintiff, KINGVISION PAY-PER-VIEW CORP., LTD., requests that this Court enter judgment, jointly and severally, against the Defendants, THE NAKED TRUTH, II, INC. an administratively dissolved Florida Corporation, d/b/a ANGEL'S ADULT ENTERTAINMENT; and MICHAEL BILOTTI, Individually, d/b/a ANGEL'S ADULT ENTERTAINMENT, for:

(a) Statutory damages in the amount of Ten Thousand Dollars ($10,000.00) pursuant to § 605(e)(3)(C)(i)(II);

(b) Statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00) pursuant to § 605(e)(3)(C)(ii);

(c) Full costs and expenses of this action, including attorney's fees pursuant to § 605(e)(3)(B)(iii); and

(d) Such other and further relief as the Court deems just and proper.

Dated: March 31, 2004          BY: _____
                                   Michael L. Metzner, Esq.
                                   MICHAEL L. METZNER, P.A.
                                   Florida Bar No.: 0032750
                                   1515 S. Federal Highway
                                   Suite 211
                                   Boca Raton, FL 33434-4150
                                   Telephone: (561) 962-2036
                                   Facsimile: (561) 482-5414

                                   Attorneys for KINGVISION PAY-PER-VIEW CORP., LTD.

F:\Susanne\OC\Complaints\Angels.wpd

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET  04-20847

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-HOEVELER

**I.(a) PLAINTIFFS**
KINGVISION PAY-PER-VIEW CORP., LTD., a Delaware Corporation,

**DEFENDANTS**
THE NAKED TRUTH, II, INC., an administratively dissolved Florida Corporation, d/b/a ANGEL'S ADULT ENTERTAINMENT, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade CW 20847/Hoeveler/Klein

KLEIN

**(C)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
MICHAEL L. METZNER, P.A., 1515 S. FEDERAL HWY., STE. 211, BOCA RATON, FL 33432

ATTORNEYS (IF KNOWN)
UNKNOWN

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS - Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Unauthorized interception and/or broadcast of radio signals in violation of the Communications Act of 1934 (47 U.S.C. §605)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $ 110,000.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  3/31/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

$150.00  220464

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

04/12/04